[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The above entitled matter claims a dissolution of marriage and other relief, as on file, which came to this court on December 7, 1993.
The court having fully heard the parties at trial, finds:
1. The plaintiff whose maiden name is Barbara Klezez and whose name at the time of this marriage was Barbara Gawel and the defendant were married on March 11, 1983 at New Britain, Connecticut.
2. Both parties have resided in the state of Connecticut for at least twelve months next preceding the date of the complaint. No children issue of this marriage, and no support or maintenance has been provided to either party by the State of Connecticut or any municipal thereof.
3. The plaintiff owns real estate located at 47 Benson Street, New Britain, Connecticut valued by the plaintiff's and defendant's appraisers at $47,000.00 as of March 11, 1983.
4. Both parties are of sufficiently good health to continue with their employment. The plaintiff earns $454.95 gross per week and the defendant earns $462.83 gross per week. The plaintiff is employed by the State of Connecticut and the defendant by Stamm Construction Company.
5. A lack of party intercommunication and understanding has led to a drifting apart and a loss of marital love and affection.
6. During the marriage the parties "pooled" their weekly income with the exception for retention of some funds for personal items. The plaintiff kept the records and issued the checks. These funds were mainly used for the payment of taxes, repairs, maintenance, credit card payments and household necessities. CT Page 10207
7. During the course of the marriage the defendant made repairs, some remodeling and performed routine maintenance. The defendant had no particular expertise as a handyman.
8. The parties separated September, 1992 by mutual agreement. The plaintiff made arrangements to have defendant live with his mother.
9. A mutual agreement of the parties determined a distribution of personal items and furniture to their satisfaction.
10. Carefully considering the appraisers reports concerning the present value, using the sale comparison analysis and considering the incomplete work and the need for more adequate workmanship including any corrective work (see Plaintiff's Exhibits #3 to #7), is $86,000.00. Presently the property is encumbered with a $10,000.00 mortgage.
11. The court finds an increase of the equity during the course of the marriage to be $29,000.00.
Credibility is for the court to determine.
After carefully considering all the evidence, the financial affidavits and exhibits and taking into consideration all the criteria set forth in the following sections of the Connecticut General Statutes, §§ 46b-40, 46b-81, 46b-82, 46b-62
and 46b-63, the court issues the following orders:
1. A decree dissolving the marriage entered into by the parties on March 11, 1993, at New Britain, Connecticut.
2. The plaintiff may resume her former married name that of Barbara Gawel.
3. No alimony is awarded to either party.
4. No attorney fees awarded to either party.
5. The 1985 Cadillac automobile to remain the sole property of the plaintiff and the 1985 Nissan truck to remain the sole property of the defendant. CT Page 10208
6. All bank, credit union, Deferred Compensation Plan, E Series E bonds and State Employees Pension Funds in the name of each party shall remain in the sole ownership of such poarty [party] together with such interest thereon.
7. The Aetna insurance policy in the face amount of $30,000.00 shall remain in the sole ownership of the plaintiff.
8. Each party shall continue with their own health insurance policy at their own cost. Each party to assume and pay their own liabilities, the property mortgage to be paid by the plaintiff, each to save the other harmless.
*9. The plaintiff shall have sole ownership of the property known as 47 Benson Street, New Britain, Connecticut
 Present value of property $86,000.00 Value of property at time of marriage (3/11/83) 47,000.00 Present mortgage 10,000.00 ---------- Equity during marriage $29,000.00
subject to the present mortgage thereon which plaintiff is to pay and subject further that the plaintiff shall pay to the defendant the sum of fourteen thousand five hundred dollars ($14,500.00) on or before January 15, 1995. In the event the plaintiff fails to make said payment, the property shall be placed on the open market for sale through a real estate broker approved by the court. After all expenses have been paid the net proceeds shall be divided equally by the parties.
So Ordered.
JOSEPH F. MORELLI STATE TRIAL REFEREE CT Page 10209